NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4731
_____

IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/DEXFENFLURAMINE)
PRODUCTS LIABILITY LITIGATION

Tonya R. Marler,
                                         Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 99-cv-20593; MDL Nos. 11-md-1203 and 16-md-1203)
District Judge:  Hon. Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2014

Before:   RENDELL, CHAGARES, and JORDAN, *Circuit Judges*.

(Filed: July 14, 2014)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge.*

Tonya Marler appeals an order of the United States District Court for the Eastern

District of Pennsylvania denying her recovery under the terms of the Diet Drug

Nationwide Class Action Settlement Agreement ("Settlement Agreement").[1] We will

affirm.

This appeal relates to the settlement of multi-district products liability litigation

regarding the diet drugs Pondimin® and Redux®, previously sold by American Home

Products ("AHP").[2] Marler's claim for benefits based on moderate mitral regurgitation

was first approved by an auditing cardiologist, then was rejected by the Settlement Trust

based on evidence of intentional misrepresentation of her echocardiogram test, and,

finally, was denied by the District Court for failure to demonstrate a reasonable medical

basis for her condition. She appeals,[3] arguing that the evidence in the record met that

---

[1] Marler is one of three claimants who have appealed simultaneously through the same counsel, the others being Ruth Sanders (Case No. 13-4548) and Elizabeth Lassetter (Case No. 13-4730). All three relied on the same attesting physician in submitting their claims; they appeal the same issue – whether there was a reasonable medical basis to conclude they all suffered from moderate mitral regurgitation; and they raise the same arguments. The briefs on appeal are almost identical, as are the District Court's opinions regarding each claimant. For efficiency's sake, then, we designate our opinion regarding Ruth Sanders as primary and incorporate the background portion of that opinion herein.

[2] In several prior decisions, we have provided a detailed description of the Diet Drugs litigation. *See*, *e.g.*, *In re Briscoe*, 448 F.3d 201, 206-08 (3d Cir. 2006); *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 147-48 (3d Cir. 2005); *In re Diet Drugs Prods. Liab. Litig.*, 385 F.3d 386, 389-92 (3d Cir. 2004); *In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220, 225-29 (3d Cir. 2002). We will therefore limit our discussion to the essential facts of the instant appeal.

[3] The District Court had original jurisdiction over all terms of the Settlement Agreement under 28 U.S.C. §§ 1332 and 1407. We exercise jurisdiction over a final order of the District Court pursuant to 28 U.S.C. § 1291. As discussed in *In re Diet Drugs Products Liability Litigation (Sanders)*, we review for an abuse of discretion the District Court's exercise of its authority to administer and implement a class action settlement. No. 13-4548, at 6 n.5.

2

burden of proof and that the Court erred by deputizing the Technical Advisor with

judicial power.[4]

Regarding both of Marler's arguments, we find that she has failed to show any

abuse of discretion in the District Court's interpretation or factual findings. The Court

undertook a thorough review of the record, including both parties' statements and the

opinions of both auditing cardiologists, the Technical Advisor, and Marler's own

attesting physician. The District Court's reliance on the Technical Advisor was also

within the limitations set by the Settlement Agreement.

## III. Conclusion

For the foregoing reasons, we will affirm.

---

[4] Marler also brings other meritless arguments that we briefly address and reject in *Sanders*, No. 13-4548, at *6 n.6.